# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM L. BROWN, | 1:09-cv-00459-AWI-GSA-PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| v. | (Resolves Motion #10.) |
| GONZALES, | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |
| Defendant. | |
| | THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.     RELEVANT PROCEDURAL HISTORY**

Kareem L. Brown ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 11, 2009. (Doc. 1.) On June 19, 2009, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 9.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.   SUMMARY OF AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Centinela State Prison in Imperial, California.  At the time of the events at issue, Plaintiff was incarcerated at the Lerdo Pre-Trial Facility ("Lerdo") in Bakersfield, California.  Plaintiff names only one defendant, Detention Sergeant Gonzales.

Plaintiff alleges as follows in the Amended Complaint.  On October 14, 2004, while confined in state prison, Plaintiff was involved in an incident in which he was subjected to pepper spray by a correctional officer and exercised his right to defend himself.  On February 17, 2005, Plaintiff was transferred from state custody to custody of the Kern County Sheriff to undergo criminal prosecution for the October 14, 2004 altercation.  Plaintiff was charged with one count of assault by a life prisoner and one count of battery on a non-confined person.  On February 18, 2005, Plaintiff was

placed in the general population at Lerdo. While in the general population, Plaintiff did not have any confrontations with staff or other inmates.

On February 23, 2005, without any prior notice or opportunity to respond, Plaintiff was removed from the general population and placed in administrative segregation ("Ad-Seg"), without any explanation for his placement in Ad-Seg. Plaintiff later discovered that his placement was due to his criminal charges for assault on an officer.

Eleven months later, on January 13, 2006, Plaintiff was re-classified and released back into the general population where he remained for two months without any disciplinary infractions or confrontations with staff or inmates. On March 10, 2006, Plaintiff was again placed in Ad-Seg until his departure from Lerdo in January or February 2007.

While Plaintiff was housed in Ad-Seg, he was subject to hardships not present in the general population. In Ad-Seg inmates are isolated from other inmates, whereas they are not isolated in the general population. In Ad-Seg inmates are only allowed one hour of program, whereas inmates in the general population receive four hours of program in one unit and approximately nineteen hours of program in another unit. In Ad-Seg Plaintiff was compelled to wear restraints on both ankles while being escorted, whereas the general population inmates do not have to wear restraints while being escorted. In Ad-Seg Plaintiff was required to be escorted by two officers at all times within the facility and out, whereas in the general population only one officer was required per escort no matter how many inmates were being escorted. In Ad-Seg Plaintiff was not permitted to participate in sports activities with other inmates, whereas in the general population he was permitted to play sports with other inmates. In Ad-Seg Plaintiff was isolated from other inmates during visitation, whereas in the general population he was allowed an integrated visitation with other inmates. In Ad-Seg Plaintiff was housed in a cell by himself, whereas in the general population he was allowed a cell mate. In Ad-Seg Plaintiff was isolated when he attended the law library, whereas in the general population he was allowed access to the law library with other inmates no matter what their ethnic group. In Ad-Seg Plaintiff was required to wear an orange band around his wrist as evidence that he had either confronted or assaulted an officer, prompting the question "What are you in C Pod for?," whereas in the general population Plaintiff wore a red band on his wrist and was never asked

what the red band meant. When Plaintiff was housed in Ad-Seg and transported to court he was isolated in a holding cell at the facility and then placed in a cage by himself on the transportation bus, whereas in the general population he was placed in a holding cell with other inmates then seated with other inmates on the transportation bus.

Plaintiff contends that even though he was a convicted prisoner sent to Lerdo from state prison, he was nevertheless a pre-trial detainee while at Lerdo. However, Plaintiff was not treated the same as the other pre-trial detainees.

Plaintiff's placement in Ad-Seg was not preceded by notice or an explanation for his placement in Ad-Seg. He was not given a hearing for disciplinary purposes preceding the Ad-Seg placement. Plaintiff contends that he was placed in Ad-Seg as punishment for his criminal offense of assault on an officer.

Plaintiff requests declaratory relief, monetary damages, and attorney fees.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.   Defendant Gonzales -- No Personal Participation

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49.

///

4

1    In the Amended Complaint, Plaintiff did not allege any facts concerning acts by defendant
2 Gonzales. Therefore, Plaintiff fails to state any claim against defendant Gonzales.

3    **B.    Claims for Equitable Relief and Attorney Fees**

4    In addition to money damages, Plaintiff seeks declaratory relief and attorney fees.

5    Plaintiff is currently housed at Centinela State Prison, and the past events at issue in this
6 action occurred at Lerdo. When an inmate seeks injunctive or declaratory relief concerning the
7 prison where he is incarcerated, his claims for such relief become moot when he is no longer
8 subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn,
9 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Further,
10 any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in
11 relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no
12 further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.
13 The court shall not grant or approve any prospective relief unless the court finds that such relief is
14 narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and
15 is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §
16 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct,
17 Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for
18 the violations of his federal rights.

19    With regard to attorney fees, "In any action or proceeding to enforce a provision of section[]
20 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees
21 . . . ." 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees if he prevails
22 is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented
23 by an attorney, he is not entitled to recover attorney's fees if he prevails. Gonzales v. Kangas, 814
24 F.2d 1411, 1412 (9th Cir. 1987).

25    **C.    Due Process**

26    Plaintiff alleges that his due process rights were violated in conjunction with his placement
27 and retention in Ad-Seg at Lerdo. As a threshold issue, Plaintiff contends that even though he was
28 a convicted prisoner serving a sentence in state prison, he was nevertheless a pre-trial detainee while

5

at Lerdo and should have been treated like a pre-trial detainee. Plaintiff asserts that he was "transferred from state custody to county custody" when he was transported to Lerdo. (Amd Cmp at ¶III(5)). However, Plaintiff does not deny that while at Lerdo, he continued to serve his state prison sentence. Plaintiff remained under the authority of the CDCR with regard to the state sentence already imposed, and his status as a convicted prisoner cannot be disregarded simply because he was moved to Lerdo for prosecution of another crime.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See id. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. "Typically, administrative segregation in and of itself does not implicate a protected liberty interest." Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (citing Sandin at 486). The Supreme Court has concluded that prisoners have no liberty interest in remaining in the general population, see Sandin, 515 U.S. at 485-86, or in remaining free from administrative segregation or solitary confinement, see May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged facts showing "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." Sandin, 515 U.S. at 486. Plaintiff provides evidence that the conditions in Ad-Seg at Lerdo were harsher than the conditions in the general population at Lerdo. However, because Plaintiff was merely temporarily transferred to Lerdo from state prison, Plaintiff's "ordinary" prison conditions were the conditions of his incarceration at state prison, not while at

Lerdo. Therefore, the question under Sandin, with regard to whether Plaintiff had a liberty interest, is whether Plaintiff's retention in Ad-Seg at Lerdo imposed an atypical and significant hardship in relation to the conditions of his incarceration at state prison.

In addition to establishing a liberty interest, Plaintiff must also establish that he was not provided all of the process he was entitled to under federal law. Plaintiff is entitled to very limited due process protections under federal law with respect to placement in Ad-Seg.[1]  See Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986).

### D.   Equal Protection

Plaintiff alleges that he was not treated the same as other pre-trial detainees at Lerdo.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano, 345 F.3d at 1082, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

///

---

[1] Under the holding in Toussaint, placement in administrative segregation requires only notice to prisoner, opportunity for prisoner to submit information, and nonadversary review of information supporting placement. Id.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Amended Complaint fails to state any cognizable claims upon which relief can be granted under section 1983 against Defendant Gonzales.  Therefore, the Amended Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above should he wish to do so.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added). .

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to unrelated issues arising after March 11, 2009.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on March 11, 2009.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Amended Complaint, filed on June 19, 2009, is dismissed for failure to state a claim, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;

4. Plaintiff shall caption the Second Amended Complaint "Second Amended Complaint" and refer to the case number 1:09-cv-00459-AWI-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   March 1, 2011**               /s/ **Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE