IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM L. BROWN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GONZALES,<br><br>　　　　Defendant.<br>_____/ | 1:09-cv-00459-AWI-SMS-PC<br><br>ORDER REQUIRING DEFENDANT GONZALES TO FILE A RESPONSE TO THE MARSHAL'S REQUEST FOR REIMBURSEMENT OF COSTS OF SERVICE<br>(Doc. 20.)<br><br>TWENTY DAY DEADLINE<br><br>ORDER FOR CLERK TO SERVE A COPY OF THIS ORDER ON THE MARSHALS SERVICE |

**I.　BACKGROUND**

　　Kareem L. Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 11, 2009. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on May 11, 2011, against defendant Sergeant Gonzales for violation of the Due Process Clause. (Doc. 14.)

　　On December 1, 2011, the Court entered an order directing the United States Marshal ("Marshal") to serve process upon the defendant in this action. (Doc. 17.) On May 1, 2012, defendant Gonzales filed an answer to the complaint. (Doc. 18.) On June 14, 2012, the Marshal filed a request for a court order requiring defendant Gonzales to reimburse the costs incurred by the Marshal for

1

personal service ("Marshal's Request"), pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Doc. 20.) Defendant Gonzales has not filed an opposition.

## II. DISCUSSION

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A)  the expenses later incurred in making service; and
>
> (B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). The Court's order of December 1, 2011, which was served upon defendant Gonzales at the time he was served with the complaint, provides that "[t]he filing of an answer or a responsive pleading does not relieve defendants of [the] requirement [to return signed waivers to the Marshals Service], and the failure to return the signed waivers may subject defendants to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2)." (Doc. 17 ¶5.)

The Marshal has requested the court to impose costs on defendant Gonzales for his failure to avoid unnecessary costs. The Marshal's form filed on June 14, 2012 indicates that a waiver of service form was mailed to defendant Gonzales on December 12, 2011, and a signed waiver was not returned. (Doc. 21.) Personal service was executed on defendant Gonzales on April 10, 2012, with costs of $272.61. Id.

Given that the Marshal's Request was submitted in the form of a memorandum and may not have been recognized as a request for the court to impose costs, defendant Gonzales shall be granted an opportunity at this time to file a response to the Marshal's Request.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of service of this order, Defendant Gonzales shall file a written response to the Marshal's Request of June 14, 2012;

///

2

2.   Defendant's failure to comply with this order shall result in an order requiring Defendant Gonzales to reimburse the Marshal for costs of personal service; and

3.   The Clerk is DIRECTED to serve a copy of this order on the Marshals Service in Sacramento.

IT IS SO ORDERED.

Dated:   **August 23, 2012**                             /s/ **Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE

3