1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KAREEM BROWN,                          1:09-cv-00459-AWI-GSA-PC

12              Plaintiff,                    ORDER GRANTING REQUEST BY
                                             UNITED STATES MARSHAL FOR
13         vs.                               REIMBURSEMENT OF COSTS
                                             BY DEFENDANT GONZALES
14    GONZALES,                              (Doc. 20.)

15              Defendant.                    THIRTY DAY DEADLINE FOR
                                             DEFENDANT GONZALES TO
16                                           REMIT PAYMENT TO MARSHAL

17    _____/

18    I.    BACKGROUND

19          Kareem Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

20    civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action

21    on March 11, 2009. (Doc. 1.) On June 19, 2009, Plaintiff filed an Amended Complaint. (Doc. 9.) The

22    Court screened the Amended Complaint pursuant to 28 U.S.C. 1915 and entered an order on March 2,

23    2011, dismissing the Amended Complaint for failure to state a claim, with leave to amend. (Doc. 11.)

24    On May 11, 2011, Plaintiff filed the Second Amended Complaint. (Doc. 14.) On November 17, 2011,

25    the Court entered an order finding that the Second Amended Complaint stated a cognizable claim against

26    defendant Gonzales ("Defendant") and was appropriate for service. (Doc. 15.)

27          On December 1, 2011, the Court directed the United States Marshal ("Marshal") to serve process

28    upon Defendant in this action. (Doc. 17.) On May 1, 2012, Defendant filed an Answer. (Doc. 18.) On

1  June 14, 2012, the Marshal filed a return of service on Form USM-285, indicating that on April 10,

2  2012, personal service was executed upon Defendant.  (Doc. 21.)

3        On June 14, 2012, the Marshal filed a request for a court order requiring Defendant to reimburse

4  the costs incurred by the Marshal for personal service, pursuant to Rule 4(d)(2) of the Federal Rules of

5  Civil Procedure.  (Doc. 20.)  On August 23, 2012, the Court ordered Defendant to file a response to the

6  Marshal's request.  (Doc. 22.)  On August 31, 2012, Defendant filed a response, with notification of non-

7  opposition to the Marshal's request.  (Doc. 23.)

8  **II.      DISCUSSION**

9        Rule 4(d)(2) of the Federal Rules of Civil Procedure provides:

10              If a defendant located within the United States fails, without good cause,
                to sign and return a waiver requested by a plaintiff located within the
11              United States, the court must impose on the defendant the expenses later
                incurred in making service; and the reasonable expenses, including
12              attorney's fees, of any motion required to collect those service expenses.

13  Fed. R. Civ. P. 4(d)(2).  The Court's service order of December 1, 2011 advised the parties that "**[i]f**

14  **defendants waive service, they are required to return the signed waivers to the Marshals Service.**

15  **The filing of an answer or a responsive motion does not relieve defendants of the requirement, and**

16  **the failure to return the signed waivers may subject the defendant to an order to pay the costs of**

17  **service pursuant to Fed. R. Civ. P. (d)(2).**"[1]  (Doc. 17 ¶5.) (emphasis in original)

18        The Marshal requests the Court to impose costs on Defendant for his failure to avoid unnecessary

19  costs.  On June 14, 2012, the Marshal filed a USM-285 form indicating that a Waiver of Service form

20  was mailed to Defendant on December 12, 2011, and a signed waiver was not returned.  (Doc. 21.)

21  Personal service was executed upon Defendant on April 10, 2012, with costs of $272.61.  Id.

22        Defendant's filing of an Answer is not sufficient to avoid costs of service.  Moreover,

23  Defendant does not oppose the Marshal's request.  Therefore, Defendant shall be required to remit

24  payment to the Marshal in the amount of $272.61 within thirty days.

25  ///

26  ///

27  _____

28        [1]Service of process by the Marshal upon Defendant included copies of the summons and complaint, and a copy of
    the Court's service order.  (Doc. 17 ¶1.)

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The Marshal's request for reimbursement of costs of personal service upon defendant Gonzales, filed on June 14, 2012, is GRANTED; and

2.    Within thirty days of the date of service of this order, defendant Gonzales shall remit payment in the amount of $272.61, clearly marked with reference to **Defendant Gonzales** and case number **1:09-cv-00459-AWI-GSA-PC**, to:

> United States Marshals Service
> 501 I Street, Fifth Floor, Ste. 5600
> Sacramento, California 95814

IT IS SO ORDERED.

**Dated:    December 13, 2012**                    _____/s/ **Gary S. Austin**_____
                                                                    UNITED STATES MAGISTRATE JUDGE