# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BROWN, | 1:09-cv-00459-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED, DISMISSING THIS ACTION |
| v. | |
| GONZALES, | |
| Defendant. | (Doc. 25.) |
| | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     RELEVANT PROCEDURAL HISTORY**

Kareem Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 11, 2009. (Doc. 1.) This case now proceeds on the Second Amended Complaint, filed by Plaintiff on May 11, 2011, against defendant Detention Sergeant Gonzales ("Defendant"), for violation of Plaintiff' rights to procedural due process under the Fourteenth Amendment. (Doc. 14.)

On September 10, 2012, Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 25.) On October 15, 2012, Plaintiff filed an opposition to the motion. (Doc. 27.) On October 16, 2012, Defendant filed a reply to the opposition. (Doc. 26.) Defendant's motion for judgment on the pleadings is now before the Court.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at Centinela State Prison in Imperial, California. At the time of the events at issue, Plaintiff was incarcerated at the Lerdo Pre-Trial Facility ("Lerdo") in Bakersfield, California. Plaintiff names only one defendant, Detention Sergeant Gonzales.

Plaintiff alleges as follows in the Second Amended Complaint. On October 14, 2004, while confined in state prison, Plaintiff was involved in an incident in which he was subjected to pepper spray by a correctional officer and exercised his right to defend himself. On February 17, 2005, Plaintiff was transferred from state custody to the custody of the Kern County Sheriff to undergo criminal prosecution for the October 14, 2004 altercation. Plaintiff was charged with one count of assault by a life prisoner and one count of battery on a non-confined person. On February 18, 2005, Plaintiff was placed in the general population at Lerdo. While in the general population, Plaintiff did not have any confrontations with staff or other inmates.

On February 23, 2005, without any prior notice or opportunity to respond, Plaintiff was removed from the general population and placed in administrative segregation ("Ad-Seg"), without any explanation for his placement in Ad-Seg. Plaintiff discovered later, after using the institutional request form system, that his placement was due to the criminal charges against him for assault on an officer.

Eleven months later, on January 13, 2006, Plaintiff was re-classified and released back into the general population where he remained for two months without any disciplinary infractions or confrontations with staff or inmates. On March 10, 2006, Plaintiff was again placed in Ad-Seg until his departure from Lerdo in February 2007.

Defendant Detention Sergeant Gonzales issued the order to place Plaintiff in Ad-Seg, as was his responsibility. While Plaintiff was housed in Ad-Seg at Lerdo, he was subject to hardships not present in the general population in state prison. In Ad-Seg, Plaintiff was isolated from other inmates, whereas he was not isolated while in the general population. In Ad-Seg, Plaintiff was only allowed one hour of program, whereas in the general population Plaintiff received approximately three and one-half hours of program per day and at least one hour of dayroom per day. In Ad-Seg, Plaintiff was compelled to wear restraints on both ankles while being escorted, whereas in the

general population, Plaintiff did not have to wear restraints of any kind unless a lockdown was in place and restraints were mandated. In Ad-Seg, Plaintiff was required to be escorted by two officers at all times within the facility and out, whereas in the general population, no escort was necessary while program was in full effect. In Ad-Seg, Plaintiff was not permitted to participate in sports activities with other inmates, whereas in the general population, sports with other inmates were part of the program. In Ad-Seg, Plaintiff was isolated from other inmates during visitation, whereas in the general population, there was integrated visitation. In Ad-Seg, Plaintiff was housed in a cell by himself, whereas in the general population he was allowed a cell mate. In Ad-Seg, Plaintiff was isolated when he attended the law library, whereas in the general population he was allowed access to the law library with other inmates no matter what their ethnic group or legal status. In Ad-Seg, Plaintiff was required to wear an orange band around his wrist as evidence that he had either confronted or assaulted an officer, causing Plaintiff to be singled out and asked, "What are you in C Pod for?," whereas in the general population, Plaintiff was not required to wear a wrist band.

Plaintiff requests declaratory relief and monetary damages.

### III.     MOTION FOR JUDGMENT ON THE PLEADINGS – RULE 12(c)

#### A.     Rule 12(c) Motion for Judgment on the Pleadings -- Legal Standard

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Ninth Circuit has "said that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule." Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc. 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir.1989)).

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

3

(2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal 556 U.S. at 678 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

### B.     Statute of Limitations - Legal Standard

Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Code Civ. Proc. § 335; Jones, 393 F.3d at 927. In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S. Ct. 1998, 2000 (1989). Pursuant to the California Code of Civil Procedure section 352.1 ("CCP 352.1"), a two-year limit on tolling is imposed on prisoners. CCP 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs not sentenced to a life term have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while the plaintiff was

incarcerated. Additionally whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Under California law, equitable tolling is available where there is "timely notice and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting Addison v. State of California (1978) 21 Cal.3d 313, 319. Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes (2003) 31 Cal.4th 363, 370). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." Jones, 393 F.3d at 927 (quoting Lantzy, *supra* at p. 371).

### C.   Parties' Positions

Defendant argues that this action should be dismissed under Rule 12(c) because Plaintiff's claims are barred by the statute of limitations. Defendant asserts that it is clear from the Second Amended Complaint that Plaintiff is alleging he was incarcerated at Lerdo from February 17, 2005 until sometime in February 2007, (Doc.14 at 7-8 ¶¶5, 7), and the entirety of Plaintiff's complaint is based on the allegation that his civil rights were violated by being placed in Ad-Seg for the majority of his time while housed at Lerdo. Defendant argues that the applicable statute of limitations for personal injury actions was two years when Plaintiff's claim accrued against Defendant in February 2007. Defendant argues that because Plaintiff's claim accrued in February 2007 and Plaintiff filed this action on March 11, 2009, Plaintiff waited more than two years to file his initial complaint, and therefore the entire action against Defendant is time-barred. Defendant argues that Plaintiff has not alleged any facts giving rise to a legal basis to extend or toll the two-year statute of limitations, and because Plaintiff is serving a life sentence, the California two-year tolling provision for prisoners, CCP 352.1, does not apply to him.

In opposition, Plaintiff asserts that he is entitled to equitable tolling of the two-year statute of limitations for prisoners under CCP 352.1 because of his continuous incarceration, under Jones v. Blanas, 393 F.3d at 918, in which the Ninth Circuit held that "actual interrupted incarceration is

5

the touchstone for applying California's tolling provision for the disability of imprisonment." <u>Jones</u>, 393 F.3d at 918 n.14.  Plaintiff admits that he is serving a life sentence, that he did not leave Lerdo until February 2007, and that he commenced this action on March 11, 2009, but he argues that he is entitled to equitable tolling for the month's delay in filing the complaint.  Plaintiff argues that conditions of his imprisonment prevented him from filing the complaint within two years.

Defendant argues that <u>Jones v. Blanas</u> does not apply to Plaintiff's case, because the plaintiff in <u>Jones</u>, unlike Plaintiff, was a civil detainee and the tolling provision found at CCP 352.1 did not apply to him.  Defendant asserts that the issue in <u>Jones</u> was whether the doctrine of equitable tolling could be applied to a continuously confined civil detainee, and the court concluded it could be applied to a continuously confined civil detainee who has pursued his claim in good faith.  Defendant argues that unlike the plaintiff in <u>Jones</u>, Plaintiff asserts that the mere fact of his imprisonment is sufficient for equitable tolling to apply, which is not supported by <u>Jones</u> or CCP 352.1.  Defendant also argues that Plaintiff has not plead any facts to justify equitable tolling, such as how his life sentence of imprisonment operated to keep him from filing a timely lawsuit.

**D.     Discussion**

Plaintiff does not dispute that he is serving a life sentence or that he filed this action more than two years after his claim against Defendant accrued.  The question is whether Plaintiff is entitled to any equitable tolling based on his incarceration or any other basis.  Defendant correctly argues that the holding in <u>Jones v. Blanas</u> – that a continuously imprisoned civil detainee to whom CCP 352.1 does not apply is entitled to equitable tolling if he pursued his claim in good faith – is not applicable to Plaintiff.  Because Plaintiff is serving a life sentence, CCP 352.1 does not apply to him, and he is not entitled to equitable tolling beyond the two-year statute merely because of his imprisonment.  The Court does not find any other evidence that Plaintiff is entitled to equitable tolling of the two-year limitations period.  Therefore, the Court finds that Plaintiff's claim in this action is barred by the applicable statute of limitations, and Defendant is entitled to dismissal of this action, with prejudice.

///

///

IV.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Gonzales' motion for judgment on the pleadings, filed on September 10, 2012, be GRANTED, dismissing this action, with prejudice, as barred by the statute of limitations.

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action. Within **THIRTY (30) days** of the date of service of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the Objections. The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 7, 2013**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE